UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANGELO JOHNSON, | ) |
| Petitioner, | ) )  ) |
| v. | )   No. 1:20 CV 102 DDN |
| JASON LEWIS, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM OPINION

Before the Court is the petition of Missouri state prisoner Angelo Johnson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

## BACKGROUND

*Underlying convictions*

In May 2014, a jury in the Circuit Court of St. Louis County convicted petitioner of three counts of first-degree statutory rape, one count of second-degree rape, five counts of first-degree statutory sodomy, and three counts of incest. He was acquitted of one count of first-degree statutory sodomy. The State charged petitioner under Mo. Rev. Stat. § 558.018 as a predatory sexual offender, as defined in the statute. Section 558.018 requires the circuit court to make a finding on whether the defendant meets the statutory definition of predatory sexual offender. If the court finds the defendant meets the definition, then the statute requires a mandatory minimum sentence of life imprisonment with the possibility of parole. Mo. Rev. Stat. § 558.018(6).

At the close of evidence but prior to submission of the case to the jury and outside its presence, the State requested that the circuit court find that petitioner met the statutory definition of predatory sexual offender under § 558.018.5(3), which states that a person is a predatory sexual offender if he "[h]as committed an act or acts against more than one victim." Petitioner argued that the statute only applied to prior acts, not the alleged acts for which he was currently standing trial. At the time, the circuit court agreed with petitioner and denied the State's request to find that he was a predatory sexual offender. The case was subsequently submitted to the jury.

Following the jury's verdict, during sentencing, the State renewed its request that the court find that petitioner met the definition of a predatory sexual offender under § 558.018.5(3). Petitioner repeated his argument that the section only applied to prior acts, not to the acts for which he was being sentenced. He did not argue that the court was precluded from finding that he was a predatory sexual offender by Mo. Rev. Stat. § 558.021.2, which states that when a court is faced with determining whether a defendant is a predatory sexual offender, "In a jury trial, the facts shall be pleaded, established and found prior to submission to the jury outside of its hearing … but prior to sentencing, and may be established by judicial notice of prior testimony before the jury." Based on the arguments presented to it, the circuit court reconsidered its prior interpretation of § 558.018.5(3) and reversed its previous ruling, finding that petitioner did meet the definition of predatory sexual offender. Based on that finding, as required by the statute, on July 11, 2014, petitioner was sentenced to eight concurrent life sentences with possibility of parole after 25 years.

### *Petitioner's direct appeal*

Petitioner directly appealed the judgment and sentence to the Missouri Court of Appeals. In his appeal, petitioner alleged two violations of Missouri state law. First, that the lower court had plainly erred when it found that he was a predatory sexual offender in violation of § 558.021.2, which requires that the finding be made before submission to the jury. Second, petitioner argued that the lower court erred when it found that he was a

2

predatory sexual offender under § 558.018.5(3). The Missouri Court of Appeals affirmed the circuit court's judgment and sentence. *State v. Johnson*, ED 101823, 2015 WL 7455477, at *1 (Mo. Ct. App. Nov. 24, 2015). The appellate court found that the circuit court had not erred when it ruled that petitioner was a predatory sexual offender under § 558.018.5(3), and though it did violate the timing requirements of § 558.021.2, those violations did not result in a manifest injustice. *Id.* Petitioner subsequently appealed the decision to the Missouri Supreme Court, which affirmed the appellate court's ruling. *State v. Johnson*, 524 S.W.3d 505, 508 (Mo. 2017). Reviewing for plain error, the court found that petitioner had not established that a manifest injustice occurred from the lower court's violation of the §558.021.2 timing requirements. *Id.* at 513. Petitioner did not seek further review by the United States Supreme Court.

### *Motion for post-conviction relief*

On August 14, 2014, petitioner filed a pro se motion for post-conviction relief (PCR) under Missouri Supreme Court Rule 29.15. The circuit court stayed the motion until petitioner's appellate proceeding was complete because the Missouri Supreme Court was still considering his appeal. *See* Missouri Supreme Court Rule 29.15(b) (2014); *McKay v. State*, 520 S.W.3d 782, 787 (Mo. 2017) (holding that prematurely filed post-conviction motions should be held in abeyance). The motion remained in abeyance until September 7, 2017, when the Missouri Supreme Court affirmed the lower court's decision, ending the period of state appellate review allowing the motion to be properly filed.

In his PCR motion, petitioner alleged four grounds for relief, each alleging his trial counsel rendered constitutionally ineffective assistance:

(1) Trial counsel failed to advise him to not take the stand in his own defense;

(2) Trial counsel failed to object to uncharged allegations of physical abuse;

(3) Trial counsel failed to request that the court reply to a jury question with more specificity;

(4) Trial counsel failed to advise him in a timely manner to accept a plea offer.

Following an evidentiary hearing, the circuit court denied the motion.

3

Petitioner appealed to the Missouri Court of Appeals, which affirmed the circuit court's opinion and issued its mandate on February 7, 2020. *Johnson v. State*, 590 S.W.3d 928 (Mo. Ct. App. 2020). In his appeal, petitioner renewed three of his ineffective assistance of counsel claims, dropping the claim concerning failure to advise him to accept a plea offer.

On May 7, 2020, petitioner filed his federal petition for habeas corpus relief with this court. (Doc 1.) The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) created a one-year window to file a writ of habeas corpus in the federal courts. 28 U.S.C. § 2244(d)(1). The window opens at the end of direct review — once the judgment of the state court is made final or the time to seek direct review has expired. *Gonzales v. Thaler*, 565 U.S. 134, 150 (2012). AEDPA's statute of limitations is tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Missouri law held petitioner's prematurely filed pro se motion in abeyance until it could be properly filed the day after the Missouri Supreme Court had ruled on his case. *McKay*, 520 S.W.3d at 787. The AEDPA statute of limitations was tolled during the period his premature motion was held in abeyance because the claim remained pending. *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (stating that Missouri courts have consistently held that an appeal remains pending until a mandate is issued). The statute of limitations began to run on February 7, 2020, the day after the Missouri Court of Appeals denied petitioner's motion for postconviction relief. Petitioner timely filed this petition on May 7, 2020, within the statute of limitations.

**PETITIONER'S GROUNDS FOR FEDERAL HABEAS RELIEF**

In his petition for a writ of habeas corpus under 28 U.S.C. § 2254 petitioner raises the following five grounds.

(1) The circuit court erred when it found petitioner met the statutory definition of predatory sexual offender under § 558.018 at the sentencing hearing, in violation of § 558.021 and his Fourteenth Amendment due process rights.

4

    (2)    The circuit court erred when it found petitioner met the statutory definition of predatory sexual offender as it incorrectly interpreted the statute to apply to him in violation of his rights under the Sixth and Fourteenth Amendments.

    (3)    The circuit court erred when it denied petitioner's Rule 29.15 motion for post-conviction relief because his trial counsel was constitutionally ineffective for failing to object to uncharged allegations of physical abuse in violation of his rights under the Sixth and Fourteenth Amendments.

    (4)    The circuit court erred when it denied petitioner's Rule 29.15 motion for post-conviction relief because his trial counsel was constitutionally ineffective for failing to advise him to not take the stand in his own defense in violation of his rights under the Sixth and Fourteenth Amendments.

    (5)    The circuit court erred when it denied petitioner's Rule 29.15 motion for post-conviction relief because his trial counsel was constitutionally ineffective for failing to request the court reply to a jury question with more specificity in violation of his rights under the Sixth and Fourteenth Amendments.

(Doc. 1.) Respondent argues that Grounds 1 and 2 are procedurally defaulted and without merit and that Grounds 3, 4, and 5 are without merit. In addition, Respondent argues that Count 4 is refuted by the record. (Doc. 8.)

## EXHAUSTION AND PROCEDURAL BAR

A federal habeas corpus petitioner must exhaust his state law remedies before he petitions the federal court. 28 U.S.C. 2254(b)(1)(A). A prisoner has not exhausted his state law remedies if he "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In Missouri, an appeal to the intermediate appellate court exhausts state remedies, thus permitting federal habeas review. *See* Mo. Sup. Ct. R. 83.04; *Randolph v. Kemna*, 276 F.3d 401, 404 (8th Cir. 2002) ("Rule 83.04 … makes clear that Missouri does not consider a petitioner who bypasses its supreme

court in favor of federal habeas review to have denied the State its rightful opportunity to resolve federal constitutional claims.").

To preserve an issue for federal habeas review, a state prisoner must fairly present his claims to the state courts during direct appeal or in post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal in state court is an abandonment of the claim barring any federal habeas review. *Id*. at 1150; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner has exhausted his state court remedies only for Grounds 3, 4, and 5. Grounds 1 and 2 were not presented to the circuit court or to the Court of Appeals and therefore, under *Coleman*, they are procedurally barred from review by this Court.

A petitioner may overcome the procedural bar if he can demonstrate a legally sufficient cause for default and actual prejudice resulting from it, or if the failure to review the claim would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 749-750; see also *Murray v. Carrier,* 477 U.S. 478, 485, 495 (1986). Generally, to establish cause for a procedural default, petitioner must "show that some objective factor external to the defense impeded" his "efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753. To establish actual prejudice, petitioner "must show that the errors of which he complains worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999). Petitioner does not make any claim to overcome the procedural fault. He does not claim any external factor prevented him from bringing either of his first two grounds to state court, and there is no evidence in the record that such a factor exists. State courts are the principal forum for constitutional challenges to state convictions. *Shinn v. Ramirez*, 142 U.S. 1718, 1731 (2022). This court is not the proper forum for the claims in Grounds 1 and 2 unless petitioner can establish an exception.

The fundamental miscarriage of justice exception allows for review when petitioner makes a showing that new evidence indicates "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995); see also *Schlup v. Delo,* 513 U.S. 298, 321 (8th Cir. 1995).

6

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner must show "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup*, 513 U.S. 298, 327. Petitioner does not allege any new evidence exists or that he is actually innocent of the charges for which he was convicted, so no argument for a fundamental miscarriage of justice exists in the pleadings.

As the petitioner has not brought any claim of a procedural default or a fundamental miscarriage of justice, Grounds 1 and 2 are barred from review from this court as they were not presented to the Missouri courts in post-conviction review.

## STANDARD OF REVIEW

Under the AEDPA, habeas relief can only be granted by a federal court on a claim that has been decided on the merits by a state court when that adjudication:

> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is contrary to clearly established federal law if it "arrives at a conclusion opposite to that reached by [the] Court on a question of law or … decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Thaler v. Haynes,* 559 U.S. 43, 47 (2010). A state court's decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. This standard is difficult to meet because habeas corpus "is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). A state-court decision is not unreasonable if "'fairminded jurists could disagree' on [its] correctness." *Id*. at 101(quoting *Yarborough v.*

7

*Alvarado,* 541 U.S. 652, 664 (2004)). "Even a strong case for relief does not make the state court's contrary conclusion unreasonable." *Harrington*, 562 U.S. 86.

Determination of factual issues made by a state court "shall be presumed correct," and the applicant "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## DISCUSSION

### *Constitutionally ineffective assistance of counsel*

Grounds 3, 4, and 5 allege that petitioner's trial counsel rendered constitutionally ineffective assistance. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court found that the right to effective assistance of counsel arises from the Sixth and Fourteenth Amendments. The right to counsel is "the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). Under *Strickland*, a petitioner is entitled to federal habeas corpus relief upon a showing that "counsel's conduct so undermined the proper function of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. To prevail on a *Strickland* claim, petitioner must pass a two-part test. First, petitioner must show that counsel's representation "fell below an objective standard of reasonableness." *Id*. at 688. Second, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. To avoid hindsight bias, where every unsuccessful trial strategy seems suspect in the light of the result, the Court must give a strong presumption that counsel's conduct "falls within the wide range of reasonable professional assistance," placing the burden on the petitioner to overcome the presumption that counsel's actions were "reasonable trial strategy." *Id.* at 689; *see also Michel v. Louisiana*, 350 U.S. 91, 101 (1955). To this end, "strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690.

8

*Ground 3*

In Ground 3, petitioner alleges that his trial counsel rendered constitutionally ineffective assistance when he failed to object to uncharged allegations of physical abuse and, later in the trial, highlighted the allegations while petitioner was under direct examination. Petitioner raised this claim in his motion for post-conviction relief and the motion court found the claim was without merit. When petitioner appealed, the Missouri Court of Appeals affirmed this finding.

Following the evidentiary hearing on the motion for post-conviction relief, the motion court made the following findings:

> Movant alleges that trial counsel was ineffective for failing to object to uncharged allegations of physical abuse. Trial counsel testified that it was his strategy to use the victim's allegations of physical abuse to show that the victims were not credible because they had ample opportunity to tell their aunt, grandmother, teachers, and other authorities about the abuse but they did not. Defense strategy was to destroy the witnesses' credibility. "Where trial counsel reasonably decides as a matter of trial strategy to pursue one evidentiary course to the exclusion of another, trial counsel's informed, strategic decisions not to offer certain evidence is not ineffective assistance of counsel." *State v. Johnston*, 957 S.W.2d 734, 755-756 (Mo. banc 1997). The witnesses' credibility was in question and it was relevant why they did not disclose the sexual abuse sooner. Moreover, any objection by trial counsel would have been without merit because the evidence was admissible by the State to explain why the victims delayed reporting the offenses to the police or other authority. *State v. Miller*, 372 S.W.3d 455, 474 (Mo. banc 2012).

(Doc. 1. at 40.)

On the same ground, the Court of Appeals stated:

> Movant must show counsel's objection would have been meritorious and the failure to object resulted in the substantial deprivation of his right to fair trial in order to succeed on a claim of ineffective assistance for failure to object. *Marshall v. State*, 567 S.W.3d 283, 291 (Mo. App. E.D. 2019). The failure to object is generally considered trial strategy, and we afford

> such a decision considerable deference. *Id*. Evidence of prior uncharged misconduct is generally inadmissible if introduced for the sole purpose of showing the defendant's propensity to commit such acts; however, such evidence may be admissible in certain cases. *State v. Miller*, 372 S.W.3d 455, 473 (Mo. banc 2012). If the evidence is part of the circumstances or sequence of events surrounding the crimes charged and would present a complete and coherent picture of what transpired, such evidence may be admitted. *Id*. at 474. At the evidentiary hearing, trial counsel testified his strategy was to highlight the failure of the victims to report the abuse. His defense involved discrediting their allegations and essentially challenging their credibility based on their failure to do so. He testified his reasoning was to question why the victims failed to report to anyone if they were "so beaten and sexually abused," particularly in certain instances when they had the opportunity. In light of this strategy, it is not unreasonable for counsel to forego objections to evidence of the alleged physical abuse or discipline Movant committed. Moreover, an objection would not have been meritorious in light of the precedent allowing such evidence to present a complete picture of the events surrounding the charged crimes to the jury. See *Marshall*, 567 S.W.3d at 294; see also *Miller*, 372 S.W.3d at 474 (testimony involving prior uncharged acts was introduced to combat perceived attack on victim's credibility and admissible to establish why the victim did not report the abuse sooner). In addition, we note that given the significant evidence presented against Movant at trial from the direct testimony of the victims themselves as well as other witnesses, we cannot conclude the references to Movant's physical abuse or discipline of his children had a decisive effect on the outcome. Thus, Movant cannot satisfy the prejudice prong of ineffective assistance of counsel for failing to object to such evidence. See *Marshall*, 567 S.W.3d at 295. Therefore, the motion court did not clearly err in denying his claim for post-conviction relief based upon his allegations of ineffective assistance of counsel. Point one is denied.

(Doc 1. at 48-49.)

The motion court denied relief to petitioner on the grounds that counsel's choice to not object to the uncharged physical abuse allegations was a reasonable trial strategy to

attempt to attack the witness's credibility which was in question. Furthermore, it stated that, had petitioner's counsel raised an objection, it would have been futile as the evidence and testimony were admissible. The Court of Appeals agreed with the circuit court. It also stated that even if the first prong of the *Strickland* test was satisfied, the argument would still fail the second prong. Petitioner was unable to show that in the face of a significant amount of other evidence counsel's choice to not object to the abuse allegations played a decisive and prejudicial role in the verdict.

The state courts' decisions were reasonable applications of federal law based on a clearly established record. Accordingly, Ground 3 is without merit.

### *Ground 4*

In Ground 4, petitioner alleges that his trial counsel rendered ineffective assistance when he allegedly failed to advise petitioner to not take the stand in his own defense. Petitioner raised this claim in his motion for post-conviction relief, where the motion court found it without merit. The Missouri Court of Appeals affirmed the motion court's finding. To find this claim meritorious requires that this Court find the state courts unreasonably applied the federal law. "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

Petitioner's trial counsel was questioned during the post-conviction motion evidentiary hearing before the motion court. Counsel testified that he had informed the petitioner that the burden of proof rested upon the state to prove their case beyond a reasonable doubt and that he believed petitioner should not take the stand. Counsel stated that though he advised petitioner to not take the stand, it was petitioner's decision to do so. Once petitioner chose to take the stand, it was counsel's job to craft a strategy to support his client's choice. Counsel's claim that petitioner chose to testify on his own volition are supported by the trial record where the court questioned petitioner to verify that he understood his right to testify and that it was his own decision to do so.

11

The motion court wrote:

> Movant alleges that trial counsel was ineffective by failing to advise movant not to take the stand in his own defense. During the evidentiary hearing, trial counsel testified that he did advise movant that the state had the burden to prove the case beyond a reasonable doubt and trial counsel did not want movant to testify since the state did not have physical evidence or DNA; and defense could show that the witnesses were not credible since they waited over ten years to disclose and the defense theorized that the three sisters were in collusion against the movant. Moreover, the trial court sufficiently questioned movant on the record to verify that he understood his right not to testify and that it was movant's decision to testify at trial.

(Doc. 1 at 39-40.)

The appellate court agreed, writing:

> The record in this case fully refutes Movant's claim. Trial counsel testified at the evidentiary hearing that his general strategy with each client is to initially advise them not to take the stand to testify at trial. However, counsel further stated the strategy changes once the client decides to testify. While counsel personally preferred he not testify at trial, it was Movant's decision. Counsel testified he advised Movant of the fact he had the right not to do so and the State has the burden of proof. Counsel recalled directly speaking with Movant about not taking the stand, but Movant wanted to testify. In addition, the trial transcript reflects that Movant was fully apprised by the court of his right to testify and he made a knowing and voluntary decision to do so.

(Doc 1. at 49-50.)

For relief to be granted would require that the state courts applied the federal law unreasonably. The accused has the ultimate authority to choose whether or not to testify. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Petitioner's trial counsel advised petitioner on what he believed was the best course of action but supported petitioner's decisions even if they conflicted with his recommendation. Petitioner stated on the stand that he understood his right to testify, and there is nothing in the record to cast doubt on his statement. The record contains evidence that petitioner was advised by his counsel to not testify and that

The motion court wrote:

> Movant alleges that trial counsel was ineffective by failing to advise movant not to take the stand in his own defense. During the evidentiary hearing, trial counsel testified that he did advise movant that the state had the burden to prove the case beyond a reasonable doubt and trial counsel did not want movant to testify since the state did not have physical evidence or DNA; and defense could show that the witnesses were not credible since they waited over ten years to disclose and the defense theorized that the three sisters were in collusion against the movant. Moreover, the trial court sufficiently questioned movant on the record to verify that he understood his right not to testify and that it was movant's decision to testify at trial.

(Doc. 1 at 39-40.)

The appellate court agreed, writing:

> The record in this case fully refutes Movant's claim. Trial counsel testified at the evidentiary hearing that his general strategy with each client is to initially advise them not to take the stand to testify at trial. However, counsel further stated the strategy changes once the client decides to testify. While counsel personally preferred he not testify at trial, it was Movant's decision. Counsel testified he advised Movant of the fact he had the right not to do so and the State has the burden of proof. Counsel recalled directly speaking with Movant about not taking the stand, but Movant wanted to testify. In addition, the trial transcript reflects that Movant was fully apprised by the court of his right to testify and he made a knowing and voluntary decision to do so.

(Doc 1. at 49-50.)

For relief to be granted would require that the state courts applied the federal law unreasonably. The accused has the ultimate authority to choose whether or not to testify. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Petitioner's trial counsel advised petitioner on what he believed was the best course of action but supported petitioner's decisions even if they conflicted with his recommendation. Petitioner stated on the stand that he understood his right to testify, and there is nothing in the record to cast doubt on his statement. The record contains evidence that petitioner was advised by his counsel to not testify and that

he chose not to heed that advice. Based on the record, the state courts' findings that petitioner's counsel did not act unreasonably was a reasonable application of federal law set out in *Strickland*. This ground is without merit.

### Ground 5

In Ground 5, petitioner alleges that his trial counsel rendered ineffective assistance when he allegedly failed to request the court respond to a question from the jury with additional specificity. The question at issue was, "[I]f our vote is not unanimously guilty on a charge does that mean the ruling defaults to not guilty?" The court and counsel for both sides agreed that the answer to the jury's question was already contained in the set of instructions it had been given when sent to deliberate. The court answered the question directing the jury to follow the instructions it had been given stating: "You are to be guided by the Court's instructions." Instruction number five given to the jury stated "Your verdict whether guilty or not guilty, must be agreed to by each juror. Although the verdict must be unanimous, the verdict should be signed by your foreperson alone." After the jury received its answer, the jury continued its deliberations for less than an hour. They returned with a guilty verdict on 12 counts and a not guilty verdict on one count.

The motion court found no issue with counsel's decision to not object to the court's answer to the jury's question writing:

> Movant's allegation that trial counsel was ineffective for failing to request the court to reply to the jury's question with additional specificity is too vague and not cognizable in a Rule 29.15 motion. In this case, movant did not allege the specific question by the jury that he complains about, however, a response by the court that simply refers the jury to the proper instructions already given is not an improper response to a jury question. "A Court's response to jury questions that simply refer the jury to the proper instructions already given are not improper." *State v. Johnston*, 957 S.W.2d 734, 752 (Mo. banc 1997); *State v. Duisen*, 428 S. W.2d 169, 177 (Mo. banc 1967). The Court in *Duisen* found that the jury could not have been misled to the defendant's prejudice by this answer, as it merely suggested to the jury that they had their answer if they would

13

> consider the correct, clear and unambiguous instructions already given. Moreover, claims of instructional error are matters for direct appeal. *State v. Morrow*, 21 S.W.3d 819, 829 (Mo. banc 2000).

(Doc 1. at 41.)

The appellate court agreed with the motion court, writing:

> Initially, we note the response to a jury's question during deliberations is within the sound discretion of the trial court. *State v. Moore*, 518 S.W.3d 877, 885 (Mo. App. E.D. 2017). Generally, it is not recommended that communication is exchanged between the judge and jury, and therefore, neutral and generic responses reminding the jury, to be guided by the evidence and to follow the instructions given are considered the safest and favored. *Id*.
>
> In *Mckee v. State*, 540 S.W.3d 451 (Mo. App. W.D. 2018), the movant asserted a claim of ineffective assistance of counsel for failing to request that the court respond to a jury's question with greater specificity. *Id*. at 459. The jury similarly asked during deliberations whether a verdict of not guilty had to be unanimous. *Id*. The court directed the jury to be guided by Instruction No. 11 along with the other instructions provided. *Id*. at 459-60. The Western District concluded that because the trial court's response to the jury's question was proper, counsel could not be ineffective for failing to request a more specific response to the jury's question because such a request would have been without merit. *Id*. at 460. As in *McKee*, here the jury asked a question regarding whether the verdict had to be unanimous. The court properly responded by reminding the jury to be guided by the instructions. *See McKee*, 540 S.W.3d at 460 and *Moore*, 518 S.W.3d at 885. Thus, counsel was not ineffective for failing to ask for any additional response. As a result, the motion court did not clearly err in denying Movant's request for post-conviction relief regarding his claim of ineffective assistance of counsel. Point three is denied.

(Doc 1. at 50-51.)

The state court Ground 3 claim that counsel was constitutionally ineffective was meritless because the state court found that an objection would have been overruled. The

state courts found that the trial court correctly answered the jury. If the court acted correctly, it is not possible to satisfy the *Strickland* test for ineffective assistance of counsel because petitioner will not be able to show that the alleged action prejudiced his right to a fair trial. *Strickland*, 466 U.S. at 694. When an objection would be meritless, the failure to object cannot be prejudicial because it is not reasonably likely to affect the outcome of the trial. *Id*. The state courts reasonably applied federal law. Accordingly, this ground is without merit.

## **CONCLUSION**

For the reasons set forth above, the petition of Angelo Johnson for a writ of habeas corpus under 28 U.S.C. § 2254 is **denied**.

Petitioner has made no substantial showing that that he was deprived of a constitutional right. Therefore, a certificate of appealability is denied. 28 U.S.C § 2253(c)(2).

An appropriate Judgment Order is issued herewith.

                                                    /s/ David D. Noce
                                    **UNITED STATES MAGISTRATE JUDGE**

Signed on November 18, 2022.